**WESTERN UNION TELEGRAPH CO. v. MORRISEY.**

No. 3252.

Circuit Court of Appeals, First Circuit.

Oct. 19, 1937.

Arthur P. Hardy, of Boston, Mass. (Francis R. Stark, of New York City, of counsel; Hardy, Hall & Iddings, of Boston, Mass., on the brief), for appellant.

John M. Russell, of Boston, Mass. (William E. Bennett, Jr., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

The question to be considered in this action of tort for personal injuries is whether on the evidence the question of contributory negligence was one of fact for the jury or one of law for the court. The District Court, in denying the defendant's motion for a directed verdict, ruled that it was one of fact for the jury. This was not error. There was evidence from which the jury could find that at the time or just before the plaintiff stepped from the sidewalk on the east side of Harvard street into that street with the intention of crossing it, then being in the neighborhood of about 25 feet from the southeast corner of the junction of Harvard and Beacon streets, she looked north toward Beacon street and saw no one approaching from that direction; that at that time the automobiles going northerly in Harvard street and on its easterly side had stopped; that the distance between the curbing and the automobiles was only about 3 or 4 feet; and that after the plaintiff had stepped from the curbing and gone about a step or so she was struck and knocked down by a bicycle driven by the defendant's servant, in the course of his employment; the bicycle having been driven into Harvard street from the south side of Beacon street, and thence southerly on the east side of Harvard street to the place of the accident, against traffic, on the wrong side of the road, and in violation of the law of the

road as fixed by a statute of the state of Massachusetts (Gen.Laws Mass. (Ter.Ed.) c. 89, § 1), and without blowing its horn. If the exercise of due care on the plaintiff's part required her to look to the north before stepping into Harvard street, the jury could find from the evidence that she did so. And if she did not do so, they could still find she was not guilty of contributory negligence, since as a reasonably prudent person she was not required to anticipate that the defendant's servant would enter Harvard street on the wrong side, in the face of northbound traffic, and in violation of the law of the road. In either event the question was one of fact. No one, not even the plaintiff, testified that she did not look north before stepping into Harvard street, and the burden of the issue was on the defendant.

The judgment of the District Court is affirmed, with costs to the plaintiff, appellee.